1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  TODD CHRISTOPHER GRANGE,

11              Petitioner,

12        v.

13  COWLITZ COUNTY JAIL,

14              Respondent.

CASE NO. C12-5702 RBL-JRC

ORDER TO SHOW CAUSE

15      The District Court has referred this petition for a writ of habeas corpus to United States

16  Magistrate Judge, J. Richard Creatura. The authority for the referral is 28 U.S.C. § 636 (b) (1)

17  (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a

18  state conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

19      Petitioner states in his proposed petition that he has not had a hearing in state court on the

20  motion to arrest judgment in the criminal case that forms the basis for this habeas petition (ECF

21  No. 1, proposed petition). Further, review of the petition reveals that petitioner has not exhausted

22  his claims in state court. *Id*. In fact, petitioner states that he just filed his direct appeal on July 5,

23
24

2012. Petitioner also states he has yet to file his appeal brief (ECF No. 1 proposed petition, page 2).

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the Court must determine whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254 (b) (1) states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
>
> (A) the applicant has exhausted the remedies available in the courts of the state; or
>
> (B)(i) there is an absence of available state corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*citing Picard*, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. *Duncan*, 513 U.S. at 365-66 (*citing Picard*, 404 U.S. at 275 *and Anderson v. Harless*, 459 U.S. 4 (1982)). The petitioner must present the claims to the state's highest court, even if such review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

(1999); *Larche v. Simons*, 53 F.3d 1068, 1071 (9th Cir. 1995).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).

Petitioner states that he has not received a ruling from the Superior Court on his motion to arrest judgment. Petitioner has not filed his opening brief and has not received any ruling on his direct appeal. Petitioner does not show the Court that he has exhausted any claim. (ECF No. 1, proposed petition). Therefore, the Court orders petitioner to show cause why this petition should not be dismissed for failure to exhaust state remedies prior to service.  A response to this order will be due on or before September 28, 2012.

Dated this 22nd day August, 2012.

J. Richard Creatura
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3